IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>**JOSEPH EDWARD KYLE,**<br>[DOB: 09-28-1961],<br><br>        Defendant. | No. 15-03059-01-CR-S-MDH<br><br>**COUNT 1:**<br>18 U.S.C. § 666(a)(1)(A)<br>NMT 10 Years<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**COUNT 2:**<br>18 U.S.C. § 1956(h)<br>NMT 20 Years Imprisonment<br>NMT $500,000 or Twice Gross Gain Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION 1:**<br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c)<br>Criminal Forfeiture<br><br>**FORFEITURE ALLEGATION 2:**<br>18 U.S.C. § 982(a)(1)<br>Criminal Forfeiture<br><br>Mandatory Restitution (Each Count)<br>$100 Special Assessment (Each Count) |

# **I N F O R M A T I O N**

## **THE UNITED STATES ATTORNEY CHARGES THAT:**

### **Introduction and Background**

At all times relevant to this Information:

### **Christian County, Missouri**

1. Christian County, Missouri (hereinafter, "Christian County"), was a local government agency incorporated as a Second Class County in the State of Missouri.

2. Christian County received federal assistance in excess of $10,000 during each calendar year beginning January 1, 2011, through December 31, 2014, including, but not limited to, prisoner reimbursement funds from the United States Marshals Service ("USMS"), detainee reimbursement funds from the Department of Homeland Security ("DHS"), and asset forfeiture sharing funds from the Drug Enforcement Administration ("DEA"). From these sources, Christian County received the following amounts of federal assistance:

|           | **2011**       | **2012**       | **2013**      | **2014**      |
|-----------|----------------|----------------|---------------|---------------|
| **DEA**   | $ 192,456.65   | $ 329,487.30   | $ 58,414.77   | $ 55,264.61   |
| **DHS**   | $ 432,523.12   | $ 473,729.13   | $ 395,735.03  | $ 144,946.30  |
| **USMS**  | $ 613,499.61   | $ 764,705.07   | $ 523,600.41  | $ 493,384.29  |
| **TOTAL** | **$ 1,238,479.38** | **$ 1,567,921.50** | **$ 977,750.21** | **$ 693,595.20** |

3. The elected representatives of Christian County included the County Sheriff, whose duties were defined in Chapter 57 of the Revised Statutes of Missouri.

### **Purchase of Goods and Services by the Christian County Sheriff from EDI Plus**

4. Chapter 50 of the Revised Statutes of Missouri required that, on or before February 1 of each year, the Christian County Commission must estimate the kind and quantity of supplies necessary for the use of the Sheriff and that the Commission must award contracts to

2

the lowest and best bidder in the month of March. For purchases made pursuant to a contract awarded to the lowest and best bidder, the Commission was required to approve individual purchase orders prior to payment by the county.

5. When the Sheriff required supplies under a contract awarded by the County Commission, the Sheriff submitted a requisition to the County Clerk, who prepared a warrant for the purchase. The County Clerk submitted the warrant to the County Auditor, who determined whether there were county funds sufficient to pay the contractor. The County Auditor submitted the warrant to the County Commission for approval. Upon approval, the Commission sent the warrant to the County Treasurer, for signature to convert the warrant into a negotiable check. The County Treasurer then mailed the check to the contractor.

6. For the calendar years 2011, 2012, 2013, and 2014, the County Commission awarded a contract for "officer's equipment in the Sheriff's Department" to EDI Plus, LLC, Nixa, Missouri.

**EDI Plus**

7. EDI Plus, LLC (hereinafter "EDI"), is a limited liability company formed on February 6, 2004.

8. According to the Articles of Organization filed in connection with the formation of the business, the purpose of the company is to "buy, sell, lease and manage commercial real estate and any other lawful purpose."

9. EDI, between 2011 and 2014, provided the Christian County Sheriff's Department with firearms, ammunition, and other equipment.

### The Defendant

10. **JOSEPH EDWARD KYLE** ("KYLE") was elected County Sheriff for Christian County, Missouri, and took office on January 1, 2009.

11. KYLE obtained United States Currency ("cash") from EDI for his personal use.

12. After receiving cash, KYLE initiated fraudulent requisitions for goods and services allegedly supplied to the County Sheriff by EDI. In fact, these requisitions, once approved by the County Commission, obligated Christian County taxpayers to repay EDI the funds that EDI had provided to KYLE.

13. On or before May 10, 2011, KYLE first created a requisition to pay EDI for goods and services that were never provided by EDI. KYLE repeatedly caused Christian County to pay EDI for goods and services that were never provided to the County Sheriff. Between January 1, 2011, and October 14, 2014, KYLE submitted approximately twenty-two (22) fraudulent requisitions for approval by the Christian County Commission, in the amount of approximately $50,290.02, for goods and services that were never provided by EDI.

### COUNT 1
(Theft from an Organization Receiving Federal Funds)

14. The factual allegations in paragraphs 1 through 13 of this information are incorporated herein by reference as if fully set forth herein.

15. Between February 27, 2014, and September 23, 2014, at Ozark, Christian County, within the Western District of Missouri, and elsewhere, the defendant, **JOSEPH EDWARD KYLE**, aiding and abetting others, knowingly embezzled, stole, obtained by fraud and otherwise without authority converted to the use of himself, property valued at $5,000.00 or more and owned by or under the care, custody, and control of Christian County, that is, the taxpayer funds

set forth below, all of which were owned by the Christian County, which the defendant obtained by fraud from the Christian County by using fictitious purchase orders and invoices for goods and services that were never provided to Christian County, the following instances listed below were valued at $5,000 or more:

| DATE | PROPERTY EMBEZZLED, STOLEN, OBTAINED BY FRAUD, OR WITHOUT AUTHORITY CONVERTED |
|---|---|
| February 27, 2014 | KYLE caused Christian County to pay check number 113787, in the amount of $9605.00, to EDI Plus, 1250 Kinder, Nixa, Missouri, of which, $3605.00 was as payment for goods and services that were never supplied by EDI Plus. |
| April 8, 2014 | KYLE caused Christian County to pay check number 114331, in the amount of $3230.00, to EDI Plus, 1250 Kinder, Nixa, Missouri, of which, $2055.00 was as payment for goods and services that were never supplied by EDI Plus. |
| April 24, 2014 | KYLE caused Christian County to pay check number 114669, in the amount of $2796.06, to EDI Plus, 1250 Kinder, Nixa, Missouri, of which, $1700.00 was as payment for goods and services that were never supplied by EDI Plus. |
| June 11, 2014 | KYLE caused Christian County to pay check number 114920, in the amount of $2962.77, to EDI Plus, 1250 Kinder, Nixa, Missouri, of which, $2505.00 was as payment for goods and services that were never supplied by EDI Plus. |
| July 11, 2014 | KYLE caused Christian County to pay check number 115150, in the amount of $3094.11, to EDI Plus, 1250 Kinder, Nixa, Missouri, of which, $2400.00 was as payment for goods and services that were never supplied by EDI Plus. |
| September 23, 2014 | KYLE caused Christian County to pay check number 115888, in the amount of $3666.14, to EDI Plus, 1250 Kinder, Nixa, Missouri, of which, $2687.00 was as payment for goods and services that were never supplied by EDI Plus. |

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

# COUNT 2
## (Conspiracy to Commit Money Laundering)

16. Between in or around June, 2012, and on or about January 27, 2014, said dates being approximate, at Ozark, Christian County, within the Western District of Missouri and elsewhere, the defendant, **JOSEPH EDWARD KYLE**, knowingly and intentionally combined, conspired, confederated, and agreed with others, both known and unknown, to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956, as follows: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Specified Unlawful Activity

17. Between in or around January, 2008, and October, 2014, said dates being approximate, an individual identified herein as SUBJECT #2, devised and executed a scheme to defraud various individuals, known and unknown, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises. It was part of SUBJECT #2's scheme that:

    A. SUBJECT #2 owned and operated various companies, and solicited individuals to invest in his companies, telling them their investment

funds would be used to bring certain products to market, and the investors would share in the profits.

B. SUBJECT #2 made false statements to potential investors regarding the amount of capital he had raised from other investors, and how close his companies were to bringing a product to market.

C. SUBJECT #2 solicited individuals, including prior investors, to locate and refer to him potential investors, to distribute promotional materials for his companies, and to serve as personal references for him and to recommend that others invest in his companies.

D. SUBJECT #2 instructed investors to send funds via wire transfer to his companies' bank accounts. SUBJECT #2 also accepted checks from investors. Due to the nature of the banking system, and the fact that banks' computer systems communicated with each other using computer servers in diverse locations, both wire transfers and the deposit and clearing of checks caused wire transmissions to be sent in interstate commerce.

E. Once in possession of the investors' funds, SUBJECT #2 used a substantial amount of those funds to pay his personal expenses unrelated to the development and marketing of his companies' products, and to repay prior investors who had demanded the return of their money.

F. SUBJECT #2 solicited KYLE to assist him as a promoter of his scheme, to take advantage of the authority and prestige of his position as County Sheriff, to locate and refer to him potential investors, to distribute promotional materials, to serve as a personal reference, and to recommend that investors invest money in SUBJECT #2's companies.

G. SUBJECT #2 falsely informed potential investors that KYLE had personally invested funds with SUBJECT #2, and that KYLE had assembled an investment group, comprised of deputy sheriffs and others, to invest in SUBJECT #2's companies.  In truth and in fact, KYLE did not invest his personal funds in SUBJECT #2's companies.

H. Between June, 2012, and January, 2014, SUBJECT #2 received investment funds totaling approximately $952,670.

7

## Manner and Means

18. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

19. Once SUBJECT #2 received an investor's funds, he used part of the investors' funds to pay KYLE for his services as a promoter by way of checks drawn on the accounts of his companies, consisting entirely of investor funds, which KYLE deposited to the Empire Bank account ending in 5493, held in the name of Five Rivers Management LLC.

20. Five Rivers Management, LLC ("Five Rivers") was a Missouri limited liability company, which KYLE registered with the Secretary of State of Missouri on or about June 7, 2011. Pursuant to the Articles of Organization, the purpose for which Five Rivers was organized was to: "Manage law enforcement/private security training logistics issues for independent contractors who act as instructors and/or acquire facilities and equipment to promote train[in]g of law enforcement officers, security personnel, and/or individuals who provide training." This purpose was totally unrelated to the business activities of SUBJECT #2's companies.

21. On or about June 11, 2012, "M.J." wired $50,000 from his business's bank account to the account of COMPANY #1, held at Bank of America, as an investment loan to SUBJECT #2 to assist in bringing his company's product to market. On or about June 12, 2012 SUBJECT #2 wired $40,000 from COMPANY #1's Bank of America account to COMPANY #2's account, held at Horizon Bank. On or about July 1, 2012 SUBJECT #2 wrote check number 1041 from COMPANY #2's account at Horizon Bank, in the amount of $3,000, payable to "Re-elect Joey Kyle."

22. On or about December 8, 2012, SUBJECT #2 provided $8,000 to KYLE, by way of check #1011, drawn on the account of COMPANY #1, held at Wells Fargo Bank, N.A., made payable to "5 Rivers."

23. On or about December 10, 2012, KYLE deposited check #1011 to the Empire Bank account ending in 5493, held in the name of Five Rivers Management LLC.

24. On or about March 14, 2013, SUBJECT #2 provided $2,350 to KYLE, by way of check #1004, drawn on the account of COMPANY #3, held at Wells Fargo Bank, N.A., made payable to "5 Rivers."

25. On or about March 14, 2013, KYLE deposited check #1004 to the Empire Bank account ending in 5493, held in the name of Five Rivers Management LLC.

26. On or about September 5, 2013, SUBJECT #2 provided $10,000 to KYLE, by way of check #2507, drawn on the account of COMPANY #4, held at Regions Bank, made payable to SUBJECT #2, which SUBJECT #2 endorsed.

27. On or about September 5, 2013, KYLE deposited check #2507 to the Empire Bank account ending in 5493, held in the name of Five Rivers Management LLC.

28. On or about January 23, 2014, SUBJECT #2 provided $1,000 to KYLE, by way of check #2571, drawn on the account of COMPANY #4, held at Regions Bank, made payable to "Five Rivers."

29. On or about January 27, 2014, KYLE deposited check #2571 to the Empire Bank account ending in 5493, held in the name of Five Rivers Management LLC.

All in violation of Title 18, United States Code, Section 1956(h).

9

## FORFEITURE ALLEGATION 1
(In Relation to Title 18 U.S.C. § 666 - Theft from an Organization Receiving Federal Funds)

30. The allegations of Count 1 this information are alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of property, in which the defendant has an interest, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

31. Upon conviction of the offense alleged in Count 1, the defendant, **JOSEPH EDWARD KYLE**, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count 1, all pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The property to be forfeited includes, but is not limited to, the following:

### Money Judgement

32. A sum of money equal to $50,290.02 in United States Currency, representing the amount of proceeds obtained as a result of the offenses charged in Count 1.

### Substitute Assets

33. In the event that the property which is subject to forfeiture to the United States, as a result of an act or omission of the Defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been placed beyond the jurisdiction of the Court;

    c. has been transferred or sold to, or deposited with a third party;

    d. has been substantially diminished in value; or,

    e. has been commingled with other which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), made applicable to these offenses by Title 18, United States Code, Section 982(b).

## FORFEITURE ALLEGATION 2
(In Relation to Title 18 U.S.C. § 1956(h) - Money Laundering)

34. The allegations contained in Count 2 of this information are re-alleged and incorporated by reference for the purpose of alleging a forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

35. The defendant **JOSEPH EDWARD KYLE**, upon conviction of the offense set forth in Count 2 shall forfeit to the United States the following property: all right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following:

   a. all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956;

   b. all commissions, fees and other property constituting proceeds obtained as a result of those violations; and,

   c. all property used in any manner or part to commit or to facilitate the commission of those violations.

36. The property to be forfeited includes, but is not limited to, the following:

### Money Judgement

37. A sum of money equal to $21,350.00 in United States Currency, representing the amount of proceeds obtained as a result of the offenses charged in Count 2.

11

**Substitute Assets**

38.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the amount described in this count, if, by any act or omission of the defendant, the property described herein, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

                                              TAMMY DICKINSON
                                              United States Attorney

By:    */s/ James J. Kelleher*
         JAMES J. KELLEHER
         Assistant United States Attorney

        */s/ Steven M. Mohlhenrich*
        STEVEN M. MOHLHENRICH
        ASSISTANT UNITED STATES ATTORNEY

        DATED:   May 20, 2015
                      Springfield, Missouri