IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 15-03059-01-CR-S-DGK |
| | ) |
| Plaintiff, | ) Springfield, Missouri |
| | ) May 20, 2015 |
| v. | ) |
| | ) |
| JOSEPH EDWARD KYLE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

TRANSCRIPT OF HEARING ON WAIVER OF INDICTMENT
AND PLEA TO INFORMATION
BEFORE THE HONORABLE DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:             Steven M. Mohlhenrich, Esq.
                               James J. Kelleher, Esq.
                               Assistant United States Attorney
                               901 St. Louis St., Ste. 500
                               Springfield, MO  65806
                               (417) 831-4406

For the Defendant:             Burton H. Shostak, Esq.
                               8015 Forsythe Blvd.
                               Clayton, MO  63105
                               (314) 725-3200

                               Cynthia L. Northcutt, Esq.
                               1200 E. Woodhurst, Ste. S100
                               Springfield, MO  64804
                               (417) 887-4141

Court Audio Operator:          Mr. Steve Burch

Transcribed by:                Rapid Transcript
                               Lissa C. Whittaker
                               1001 West 65th Street
                               Kansas City, MO  64113
                               (816) 914-3613

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1    (Court in Session at 2:37 p.m.)

2    THE COURT:  Calling in *United States vs. Joseph Edward*

3    *Kyle*.  The defendant appears in the courtroom in person along

4    with his attorneys, Mr. Burton Shostak and Ms. Cynthia Northcutt.

5    The United States appears by Assistant United States Attorney,

6    Mr. Steven Mohlhenrich, and Assistant United States Attorney, Mr.

7    Jim Kelleher.  This matter is set this afternoon for a Waiver of

8    Indictment, the filing of an Information and then a plea to the

9    Information.  Mr. Kyle, have you seen the Information that the

10   Government proposes to file in your case?

11   MR. KYLE:  Yes, Your Honor.

12   THE COURT:  Do you understand that because the maximum

13   penalty contained in that Information exceeds one year, that you

14   have an absolute right to have that matter presented to a federal

15   grand jury?

16   MR. KYLE:  Yes, Your Honor, I do.

17   THE COURT:  Now, I'm going to briefly describe for you

18   the federal grand jury process and then ask you a couple of

19   follow-up questions, Mr. Kyle.  A grand jury would consist of not

20   more than 23 and not less than 16 persons.  And they would listen

21   to the evidence presented by the United States.  If not satisfied

22   with the scope of that evidence, they could subpoena evidence

23   themselves.  And if, after hearing it all, they found probable

24   cause to believe that these offenses had been committed and you

25   committed them, then they would return an indictment and that

1 would be the charge against you. If they did not so find this

2 charge could not be brought against you. The only way that the

3 Government can file this Information without going through the

4 grand jury process is with your informed knowledge and consent.

5 Now, I have before me a Waiver of Indictment that you've signed

6 and both of your attorneys have also signed. Do you understand

7 that you have a right to have this matter presented to the

8 federal grand jury?

9 MR. KYLE: Yes, Your Honor, I do.

10 THE COURT: And is it your desire to give up that right,

11 understanding that that will allow the United States to file this

12 Information?

13 MR. KYLE: Yes, Your Honor.

14 THE COURT: I am going to approve the Waiver of

15 Indictment and find that it was made knowingly and voluntarily.

16 Mr. Kyle, you have also signed a consent to have these

17 proceedings for a plea of guilty before a Magistrate Judge, with

18 the understanding that a United States District Judge, a judge of

19 higher jurisdiction, will keep your case for acceptance of the

20 plea of guilty and sentencing. Even though you signed this

21 consent, you have a right, if you wish, to appear before a United

22 States District Judge, a judge of higher jurisdiction, for these

23 proceedings. At any appearance before the District Judge you're

24 presumed innocent until such time, if ever, as the Government

25 establishes your guilt beyond a reasonable doubt to the

satisfaction of the judge or jury.  You always have a right to

confront and cross-examine witnesses.  You have a right to use

the power of the court to subpoena evidence on your behalf and

you have a right to testify or not testify as you would choose.

And if you chose not to testify, it would not be held against you

as that is your right.  If, after understanding the charges

against you, the range of punishment, if convicted, and your

right to appear before a District Judge, if you wish, you may

waive that right and proceed this afternoon before the Magistrate

Judge.  As I indicated, you have signed such a consent.  Do you

understand that you have a right to appear before a United States

District Judge, a judge of higher jurisdiction, for these

proceedings?

MR. KYLE:  Yes, Your Honor, I do.

THE COURT:  And is it your desire to proceed this

afternoon before the Magistrate Judge?

MR. KYLE:  Yes, sir.

THE COURT:  Now, Mr. Kyle, do you understand the charge

against you in Count One of the Information that's been filed in

this case?

MR. KYLE:  Yes, sir, I do.

THE COURT:  And do you understand that if convicted of

the charge in Count One that the maximum penalty the court may

impose is not more than ten years imprisonment, not more than a

$250,000 fine, not more than a three-year term of supervised

1 release, an order of restitution and a $100 mandatory special

2 assessment?

3        MR. KYLE:  Yes, Your Honor.

4        THE COURT:  And to the charge in Count One of the

5 Information, how do you wish to plead, guilty or not guilty?

6        MR. KYLE:  Guilty, Your Honor.

7        THE COURT:  Do you understand, Mr. Kyle, the charge

8 against you in Count Two of the Information that's been filed in

9 this case?

10        MR. KYLE:  Yes, Your Honor.

11        THE COURT:  And do you understand that if convicted of

12 the charge in Count Two that the maximum penalty the court may

13 impose is not more than 20 years imprisonment, a fine of not more

14 than $500,000 or twice the value of the property involved,

15 whichever is greater, not more than a three-year term of

16 supervised release, an order of restitution and a $100 mandatory

17 special assessment?

18        MR. KYLE:  I do, Your Honor.

19        THE COURT:  And to the charge in Count Two, how do you

20 wish to plead, guilty or not guilty?

21        MR. KYLE:  Guilty, sir.

22        THE COURT:  Do you understand Forfeiture Allegation

23 Number 1 that is set forth in the Information that's been filed

24 in this case?

25        MR. KYLE:  Yes, Your Honor.

1        THE COURT:  And do you understand that if you admit

2  those allegations, that your interest listed in the property that

3  is set forth in Forfeiture Allegation Number 1 would be forfeited

4  to the United States?

5        MR. KYLE:  Yes, sir.

6        THE COURT:  And do you admit those allegations?

7        MR. KYLE:  Yes, sir.

8        THE COURT:  Do you understand the Forfeiture Allegations

9  set forth in Forfeiture Allegation Number 2 in the Information

10  that's been filed in this case?

11        MR. KYLE:  Yes, Your Honor.

12        THE COURT:  And do you understand that if you admit

13  those allegations that your interest in the property listed in

14  Forfeiture Allegation Number 2 would be forfeited to the United

15  States?

16        MR. KYLE:  Yes, sir.

17        THE COURT:  And do you admit those allegations?

18        MR. KYLE:  Yes, sir, I do.

19        THE COURT:  Would you please raise your right hand?

20            JOSEPH EDWARD KYLE, DEFENDANT, SWORN

21        THE COURT:  Mr. Kyle, as anyone made any threat of any

22  kind to force you to plead guilty or give up any of the other

23  rights that we've discussed this afternoon?

24        MR. KYLE:  No, Your Honor, they haven't.

25        THE COURT:  Now, you have signed a Plea Agreement.  Have

1  you read the agreement and gone over it with your attorneys?

2           MR. KYLE:  I have, sir.

3           THE COURT:  And do you understand what's in it?

4           MR. KYLE:  I do, sir.

5           THE COURT:  Other than what is contained in the Plea

6  Agreement, has anyone made any promise of any kind to induce you

7  or overcome your will to get you to plead guilty or give up any

8  of the other rights we've discussed?

9           MR. KYLE:  No, sir.

10          THE COURT:  Now, I mentioned to you that there was a

11 supervised release term of not more than three years as to both

12 Counts One and Two that could be imposed in your case.  Do you

13 understand that if that term were imposed and then revoked for

14 any reason that you could be required to serve an additional term

15 of imprisonment of not more than two years, and if that happened,

16 you would receive no credit for any other time you had spent

17 either in custody or on release?

18          MR. KYLE:  Yes, sir.

19          THE COURT:  And do you understand that the court could

20 impose an additional term of supervised release, which is

21 governed by the maximum of the statute, minus any time you had

22 spent in custody as a result of a violation?

23          MR. KYLE:  I do, Your Honor.

24          THE COURT:  Do you understand, sir, that from a sentence

25 imposed in your case that there is no parole?

1    MR. KYLE:  I understand.

2    THE COURT:  Do you understand that there are Sentencing

3  Guidelines to which the court would refer in an advisory capacity

4  when attempting to fashion a reasonable sentence in your case?

5    MR. KYLE:  Yes, sir.

6    THE COURT:  Now, the Plea Bargain Agreement, Mr. Kyle,

7  provides that this plea is entered under the provisions of Rule

8  11(c)(1)(C) of the Federal Rules of Criminal Procedure, and

9  provides that the court must impose the sentence as follows.  And

10  I'm referring specifically to Paragraph 6 of the Plea Bargain

11  Agreement, Paragraph 6(a).  And again, it is -- under the

12  provisions of this plea, it provides that the court must impose

13  the sentence as follows.  On Count One, the defendant will be

14  sentenced to a term of imprisonment of 12 months and one day.  On

15  Count Two, the defendant will be sentenced to a term of

16  imprisonment of 12 months and one day, to run concurrently with

17  the sentence for Count One.  The defendant will be sentenced to a

18  three-year term of supervised release, three years on each count

19  to run concurrently.  No fine will be imposed and the court will

20  order forfeiture and restitution as set forth in the last

21  subparagraph of the Factual Basis of this Plea Agreement, which

22  is Paragraph 3.  Now, Mr. Kyle, if the court accepts this Plea

23  Agreement, then you would be informed that the sentence will be

24  imposed in accordance with the agreement of the parties.  If the

25  court rejects the Plea Agreement, it will, on the record and in

1   open court, inform all the parties that the court rejects the

2   Plea Agreement and advise you personally that because the court

3   is rejecting the agreement, that the court is not required to

4   impose the sentence in accordance with the agreement of the

5   parties.  At that point, you are given the opportunity to

6   withdraw your plea of guilty.  If you do not withdraw your plea

7   of guilty, then the court is free to dispose of the case less

8   favorably towards you than the Plea Bargain contemplates.  Mr.

9   Kyle, do you understand that this is the sentencing procedure to

10  which you have agreed in this case?

11          MR. KYLE:  Yes, sir, I do.

12          THE COURT:  Now, have you reviewed the guideline

13  applications in Paragraph 11 that are referred to in the Plea

14  Bargain Agreement?

15          MR. KYLE:  Yes, sir.

16          THE COURT:  And understanding the terms of this Plea

17  Agreement with regard to the sentence, is it your desire for the

18  court to accept the pleas of guilty?

19          MR. KYLE:  Yes, sir, it is.

20          THE COURT:  Now, Mr. Kyle, you understand that you have

21  a right to a trial by jury with all the protections that I

22  explained to you at the beginning of these proceedings.  Do you

23  understand your right to a trial by jury?

24          MR. KYLE:  I do, Your Honor.

25          THE COURT:  And do you understand that if the court

accepts your pleas of guilty, that there won't be a trial?

MR. KYLE: Yes, sir, I do.

THE COURT: Now, I'm going to ask you about the offenses charged in Counts One and Two of the Information and in Forfeiture Allegation 1 and 2, which are set forth in the Information. I would remind you that you are under oath. You must answer truthfully. Any false answers could result in charges of false swearing or perjury. You always have the right to remain silent. And I want to refer you to your Plea Bargain Agreement, specifically on page 2, Paragraph 3, which is entitled in bold, "**Factual Basis for Guilty Plea**." And that continues through the entirety of pages 3, 4, 5 and onto a portion of page 6. Have you read section, that is, Section 3, Factual Basis for Guilty Plea, have your read it and gone over it with your attorneys?

MR. KYLE: Yes, sir, I have.

THE COURT: And are the statements contained in Section 3 true?

MR. KYLE: Yes, sir.

THE COURT: Mr. Shostak, you've had access to the Government's discovery file in this case, have you not?

MR. SHOSTAK: I have, Your Honor.

THE COURT: And based upon your review, are you satisfied if put to proof that the United States could make a submissible case as to all the elements of Counts One and Two as

1  to the Forfeiture Allegations 1 and 2 as set forth in Section 3

2  of the Plea Agreement?

3        MR. SHOSTAK:  Yes, sir.

4        THE COURT:  There is an adequate factual basis for the

5  pleas of guilty to Counts One and Two of the Information and

6  Forfeiture Allegations 1 and 2.  I find that the plea is

7  voluntary and did not result from force, threats or promises

8  other than those set forth in the Plea Agreement.  Now, Mr. Kyle,

9  you are represented in this case by Mr. Shostak and Ms.

10  Northcutt.  Have you had enough time to talk with them about your

11  case?

12        MR. KYLE:  Yes, sir, I have.

13        THE COURT:  And are you satisfied with the advice that

14  they've given you?

15        MR. KYLE:  Yes, sir, I am.

16        THE COURT:  Now, the law requires me to ask you if this

17  afternoon you are on any medication prescribed by a physician or

18  any drugs or alcohol of any kind which would affect your ability

19  to understand these proceedings?

20        MR. KYLE:  I am not, sir.

21        THE COURT:  Now, the Plea Bargain Agreement that you've

22  signed also has what we refer to as an appeal waiver, and it is

23  set forth on page 15, Paragraph 16.  And it provides that you

24  acknowledge, understand and agree that by pleading guilty

25  pursuant to the Plea Agreement, that you waive your right to

1   appeal now or collaterally attack later a finding of guilt

2   following the acceptance of the Plea Agreement, except on grounds

3   of ineffective assistance of counsel or prosecutorial misconduct.

4   That you expressly waive your right to appeal your sentence,

5   directly now or collaterally later, on any ground except claims

6   of ineffective assistance of counsel, prosecutorial misconduct or

7   an illegal sentence.  An illegal sentence includes a sentence

8   imposed in excess of the statutory maximum, but does not include

9   less serious sentencing errors such as a misapplication of the

10  Sentencing Guidelines, an abuse of discretion or the imposition

11  of an unreasonable sentence.  However, if the Government

12  exercised its right to appeal, you would be released from the

13  appeal waiver and could appeal as allowed by law.  Do you

14  understand, sir, that by signing this Plea Agreement that you've

15  given up those rights to appeal?

16           MR. KYLE:  Yes, Your Honor.

17           THE COURT:  Understanding that and the other matters

18  that we've discussed this afternoon is it your desire for the

19  court to accept these pleas of guilty?

20           MR. KYLE:  Yes, sir, it is.

21           THE COURT:  Mr. Mohlhenrich, on behalf of the United

22  States, do you have any other record under Rule 11 that you think

23  I need to make?

24           MR. MOHLHENRICH:  No, Your Honor.  Thank you.

25           THE COURT:  Mr. Shostak, on behalf of the defendant, do

1  you have any other record under Rule 11 that you think I need to

2  make?

3          MR. SHOSTAK:  No, sir.

4          THE COURT:  I will recommend the pleas of guilty be

5  accepted and I will order a Presentence Investigation to be

6  conducted by the Probation Office.  Now, Mr. Mohlhenrich, it's my

7  understanding that there has been no request by the United States

8  for detention in this matter, is that correct?

9          MR. MOHLHENRICH:  That's correct, Your Honor.

10         THE COURT:  Mr. Kyle, as you've heard the Government

11  just state, there's been no request for detention in this matter,

12  so I have prepared a bond and an order setting conditions of

13  release for your signature, which you have reviewed with Mr.

14  Schweighardt with the Pretrial Services Office.  You've gone over

15  them and signed them.  Do you understand the conditions of your

16  release and the penalties should you violate any or fail to

17  appear?

18         MR. KYLE:  Yes, Your Honor, I do.

19         THE COURT:  And do you agree to abide by them?

20         MR. KYLE:  Yes, sir, I do.

21         THE COURT:  I will then order you released on these

22  conditions.  If there anything further from either side?

23         MR. MOHLHENRICH:  No, Your Honor.  Thank you.

24         MR. SHOSTAK:  No, sir.

25         THE COURT:  All right.  With that, we'll be in recess.

1   Thank you.

2                    (Court Adjourned at 2:51 p.m.)

1

2

3

4

5

6

7

8

9        I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
10   above-entitled matter.

11

12       /s/ Lissa C. Whittaker      May 26, 2015
         Signature of transcriber        Date
13

14

15

16

17

18

19

20

21

22

23

24

25